IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                     ORDER

                Plaintiff,

                                                                     00-CR-118-C-05

     v.

LUIS L. PENA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Judgment was entered in this case on November 20, 2001, after defendant Luis Pena pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine, a schedule II controlled substance. Now defendant has filed a letter dated October 25, 2007, in which he appears to be asking for appointment of counsel to help him appeal a 2004 deportation order. Although it is not entirely clear, he also may be asking this court to review the validity of his deportation order. Unfortunately, I cannot grant either of defendant's requests.

      The deportation order defendant wishes to challenge is not a part of this court's criminal record. Presumably, defendant wishes to appeal a deportation order that was entered as a result of his criminal conviction in this case. If so, the procedure defendant

1

must follow is described in the Code of Federal Regulations. In particular, defendant may file an appeal from a decision of an immigration judge in a deportation case with the Board of Immigration Appeals. 8 C.F.R. § 1003.1(b)(2). The notice of appeal is filed with the Board by filing a Notice of Appeal from a Decision of an Immigration Judge (Form EOIR–26) within 30 calendar days after the immigration judge has stated his or her oral decision or the mailing of an immigration judge's written decision. See id § 1003.38(b). Although it appears from these provisions that defendant's notice of appeal may be untimely, I do not intend to discourage him from pursuing this route if he has not already done so.

If defendant has already pursued an administrative appeal, he should be aware that this court does not have jurisdiction to review the deportation order. Pursuant to 28 U.S.C. § 1252(C), no district court has jurisdiction to review a final order of removal where the alien is removable by reason of having committed one of the criminal offenses set forth in § 1182(a)(2). Defendant's 2001 conviction constitutes a criminal offense listed in 28 U.S.C. § 1182(a)(2). Instead, his exclusive remedy is to file an appeal from his deportation order with "an appropriate court of appeals," which "shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). The appropriate court would then be the Court of Appeals for the Seventh Circuit.

Because this court has no authority to review defendant's deportation order, it has no reason to appoint counsel for him.

ORDER

IT IS ORDERED that defendant's request for appointment of counsel is DENIED.

Entered this 8th day of November, 2007.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge